UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UGANDA KNAPPS,<br><br>        Plaintiff,<br><br>    v.<br><br>EDUCATION & TRAINING RESOURCES (ETR), et al.,<br><br>        Defendants. | Case No. 24-cv-00893-SK<br><br>**ORDER REGARDING MOTION TO SET ASIDE DEFAULT AND MOTION FOR DEFAULT JUDGMENT**<br><br>Regarding Docket Nos. 35, 36 |

The matter comes before the Court upon consideration of the motion to set aside default filed by Defendant Minact, Inc. ("Minact") and the motion for default judgment against Minact filed by Plaintiff Uganda Knapps ("Plaintiff"). The Court finds these motions are suitable for disposition without oral argument and, thus, VACATES the hearings scheduled for June 3, 2024. *See* N.D. Civ. L.R. 7-1(b). HAVING carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court GRANTS Minact's motion and DENIES Plaintiff's motion for the reasons set forth below.

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default for good cause. The district court has discretion to determine whether a party demonstrates "good cause." *Madsen v. Bumb,* 419 F.2d 4, 6 (9th Cir. 1969). The Court's discretion is particularly broad where a party seeks to set aside an entry of default rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.,* 783 F.2d 941, 945 (9th Cir. 1986). In evaluating whether a party has demonstrated good cause, a district court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v.*

*Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  Whenever "timely relief is sought . . . and the movant has a meritorious defense," a court must resolve any doubt in favor of setting aside the default.  *Mendoza,* 783 F.2d at 945-46.  As the Ninth Circuit has made clear, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  The party seeking to vacate the entry of default bears the burden of demonstrating that these factors favor doing so.  *TCI,* 244 F.3d at 696.

With respect to the first factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697 (emphasis in original) (citation omitted).  In this context, "intentionally" means that "a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process."  *Mesle*, 615 F.3d at 1092-93 (citation and quotation marks omitted); *see also TCI Grp.*, 244 F.3d at 698 (the Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.")

Here, Minact explained that it thought that the other defendant, Educational & Training Resources, LLC. ("ETR"), was planning to prepare a response to Plaintiff's complaint on behalf of both of them.  (Dkt. No. 35-1 (Declaration of Kebah Ealy), ¶¶ 7, 8, 10.)  However, on April 8, 2024, Minact learned that counsel for ETR would not respond on behalf of Minact as well.  (*Id*., ¶ 14.)  Minact then sought to retain counsel for itself but was not able to respond to the complaint before default was entered.  (*Id*., ¶¶ 15-17.)  There is no evidence that Minact's delay in obtaining counsel and responding to the complaint was done in bad faith.  Accordingly, the Court finds Minact's conduct was not culpable.

Minact is also not devoid of a potentially meritorious defense.  To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific

2

facts that would constitute a defense." *See Mesle,* 615 F.3d at 1094. However, "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, 244 F.3d at 700 (citing *In re Stone,* 588 F.2d 1316, 1319 n. 2 (10th Cir. 1978) (explaining that the movant need only demonstrate facts or law showing the trial court that "a sufficient defense is assertible")). Minact need only "allege sufficient facts that, if true, would constitute a defense . . .". *See Mesle,* 615 F.3d at 1094. Furthermore, the meritorious defense requirement is also more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. *See id.* at 1091 n. 1. Here, liberally construed, the Court finds that Minact raises several potentially meritorious defenses.

Finally, the Court finds there is no undue prejudice to Plaintiff that results from setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI Grp.*, 244 F.3d at 701 (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (citing *Thompson v. Amer. Home. Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion")). Notably, Plaintiff has not responded to the motion to set aside default and, thus, does not even argue that he would be prejudiced. Moreover, it is not clear how Plaintiff could make such an argument. Minact filed its motion to set aside on the same day that default was entered against it. No dates or deadlines have been set in this case.

Therefore, the Court GRANTS Defendant's motion to set aside default.

Moreover, because Minact's default has been set aside, the Court DENIES Plaintiff's motion for default judgment.

The Court notes that mail sent by the Court to Plaintiff has been returned undeliverable on April 19, 2024, and May 1, 2024, respectively. (Dkt. Nos. 29, 40.) Pursuant to Civil Local Rule 3-11, "a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." Pursuant to the same rule, the Court "may, without prejudice, dismiss a

3

complaint or strike an answer when: (1) Mail directed to the […] pro se party by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the […] pro se party indicating a current address." Plaintiff is admonished that he must promptly inform the Court of any change of address and that failure to do so may result in dismissal of this action.

**IT IS SO ORDERED**.

Dated: May 20, 2024

_____
SALLIE KIM
United States Magistrate Judge